```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    ASHEVILLE DIVISION
                     1:09CV162-MU-02
```

| | |
|---|---|
| **WILLIE JAMES WHITE,** )<br>    **Petitioner,** )<br> )<br>           v.            )<br> )<br>**LYNN SUMMERS, Supt.,** )<br>    **Respondent.** )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, filed April 16, 2009. For the reasons stated herein, Petitioner's Petition will be <u>denied</u> and <u>dismissed</u>.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the subject Petition, on June 24, 2008, Petitioner appeared before the Superior Court of Buncombe County and pled guilty to a charge of assault with a deadly weapon inflicting serious injury and conceded that he was an habitual offender. Accordingly, on that occasion, Petitioner's guilty plea was accepted and he was sentenced to a term of 114 to 146 months imprisonment.

Petitioner did not directly appeal his conviction or sentence. Instead, on October 20, 2008, Petitioner filed a Motion for Appropriate Relief ("MAR," hereafter) asserting that he was subjected to ineffective assistance of counsel "prior to the guilty plea." Petitioner's MAR along with his subsequently filed

Petitions for Certiorari and for Discretionary Review all were denied in the State courts. Consequently, Petitioner now has filed the instant federal Habeas Petition. Such Petition alleges that "prior to the guilty plea" trial counsel was ineffective for failing to investigate Petitioner's alcohol and drug use as a possible means for mitigating Petitioner's guilt, for failing to investigate certain "medical evidence" to determine if the injury which the victim sustained was sufficient to satisfy the "element of inflicting serious injury" as charged in the indictment, and for failing to pursue a trial strategy of provocation or self-defense based upon evidence that Petitioner sustained a broken nose from the victim.

Notwithstanding his beliefs to the contrary, however, the Court has determined that Petitioner is not entitled to any relief on his claims.

## II. ANALYSIS

### A. Standard of review for habeas petitions.

Rule 4 of the Rules Governing Section 2254 Proceedings, directs reviewing courts promptly to examine habeas petitions in order to determine whether the petitioners are entitled to any relief on the claims set forth therein. When it plainly appears from the motion and any attached exhibits that the petitioners are not entitled to relief, the reviewing courts must dismiss the petitions.

### B. **Petitioner's claims of ineffective assistance of counsel are waived by his guilty plea**.

Petitioner alleges that "prior to the guilty plea" trial counsel was ineffective for having failed to investigate two separate pieces of his medical history and the victim's injury. Ordinarily, Petitioner's claims of ineffective assistance would be controlled by the rules requiring him to show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). Furthermore, Petitioner would have to overcome the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977).

However, in light of Petitioner's contentions that the alleged deficiencies took place "prior to guilty plea," the well-settled principle of waiver is applicable to his allegations. That is, the law is clear that a "voluntary and intelligent guilty plea forecloses federal collateral review of allegations of antecedent constitutional deprivations," Fields, 956 F.2d at 1294, citing Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). Indeed, Petitioner does not claim either that his guilty plea

3

somehow is invalid,[1] or that, but for counsel's alleged deficiencies, he would not have tendered his guilty plea. To put it simply, then, Petitioner has waived his right to challenge the alleged ineffectiveness of counsel by virtue of his guilty plea; therefore, this Court has no authority to consider those allegations.

### III. CONCLUSION

Petitioner's claims that his former attorney was ineffective prior to the time that Petitioner entered his guilty plea are waived by Petitioner's entry of such guilty plea. Therefore, his Petition for habeas corpus relief must be denied and dismissed.

### IV. ORDER

**IT IS HEREBY ORDERED that** Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED and DISMISSED.**

---

[1] Indeed, this Court is aware, from its past experience with reviewing the records of guilty plea proceedings from North Carolina courts, that in order to have gotten his guilty plea accepted by the trial Court, Petitioner likely had to confirm, under oath, that he knew and understood the charge and penalties which he was facing; that he had fully discussed his case and possible defenses with his attorney; that he understood his rights to plead not guilty and proceed to trial; that he believed it was in his best interest to plead guilty; that other than his plea arrangement with the State, no one had made him any other promises or threatened him in any way to cause him to enter a plea against his wishes"; that he was entering his plea of his own free will, fully understanding what he was doing"; and that he was satisfied with the services of his attorney.

**SO ORDERED.**

Signed: April 30, 2009

Graham C. Mullen
United States District Judge